UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| RONALD RICHARD WADDELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-CV-183 |
| | ) | |
| | ) | |
| CITY OF GREENEVILLE et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis* the petitioner must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty,

afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the case at hand, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status and has determined that he meets the requirements for proceeding *in forma pauperis*. As such, his Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I. FACTUAL ALLEGATIONS

Plaintiff alleges that on May 11, 2019, City of Greeneville law enforcement officers arrived at his residence in response to a call about a suicidal man. Plaintiff advises that he turned on all the lights inside and outside his home, pulled back curtains on the front door so law enforcement could see him, and raised his hands in the air. Plaintiff describes his demeanor as calm and cooperative. When confronted by law enforcement, Plaintiff repeatedly told officers he was not suicidal and did not want to leave the home. Plaintiff asserts that the officers then asked him to open the door so they could talk to him. Plaintiff then barely opened the door and officers allegedly busted in and dragged Plaintiff from the home. All the while, Plaintiff says that he continued to

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

tell the officers he did not want to leave. Plaintiff argues that the officers violated his constitutional rights by entering his home and forcibly removing him. Further, Plaintiff asserts that officers failed to comply with the law in relation to his involuntary psychiatric hospitalizations. Plaintiff asserts these failures are due to the city's inadequate training of its officers. Plaintiff claims that Defendants are guilty of trespassing onto his property, the wrongful seizure of his person and property, unlawfully detaining him, and defaming him. To compensate him for these alleged wrongs, Plaintiff seeks $50,600,000.00 in damages and legal fees.

## II. LEGAL ANALYSIS

### a. *Leniency afforded to pro se litigants*

Because Plaintiff is proceeding pro se, the Court will liberally construe his claims. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)).

### b. Law governing claims alleging violation of civil rights like those alleged by Plaintiff

The Court will first address Plaintiff's allegations against governmental officials in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). Here, Plaintiff alleges that a municipality and a sub-unit of that municipality violated his civil rights.

### c. Claims arising from May 11, 2019 encounter are time-barred

Plaintiff's claims against the City of Greeneville and its police department arise from actions taken on May 11, 2019 when Defendant was brought into custody for an emergency psychiatric hold. Civil rights claims, like those raised in the instant action, must be filed within "the applicable state-law period for personal injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005). In Tennessee, such claims must be filed within one year after a plaintiff's cause of action accrues. *See Laney Brentwood Homes, LLC v. Town of Collierville,* 144 Fed. App'x. 506, 509 (6th Cir. 2005); *see also* Tenn. Code Ann. § 28-3-104(a)(1), (3). A cause of action accrues in a § 1983 civil rights claim "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F. 2d 262, 273 (6th Cir. 1984).

In this case, the alleged wrongdoing that gave rise to Plaintiff's lawsuit occurred on or about May 11, 2019. Plaintiff knew or should have known about the alleged wrongdoing on or about that date but failed to take action until well after the one year had passed. Claims that are barred by the applicable statute of limitations are considered frivolous. *See Weron v. Cherry*, No. 1:08-CV-201, 2008 WL 4614335, at *3 (E.D. Tenn. Oct. 14, 2008). Accordingly, Plaintiff's claims against the City of Greeneville and the Greeneville Police Department are time-barred and cannot proceed under applicable law.

III. **CONCLUSION**

Because his claims are time-barred, Plaintiff has failed to assert any claim that can proceed beyond the §1915 screening stage. Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice.

This Report and Recommendation is to be presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).