UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

RONALD RICHARD WADDELL, JR., )
)
    Plaintiff, )
) No. 2:21-CV-183
v. )
) Judge Curtis L. Collier
CITY OF GREENEVILLE and )
GREENEVILLE POLICE DEPARTMENT, ) Magistrate Judge Cynthia R. Wyrick
)
    Defendants. )

**M E M O R A N D U M**

United States Magistrate Judge Cynthia R. Wyrick filed a report and recommendation (the "R&R") on January 7, 2022, recommending this action be dismissed for failure to state a claim on which relief may be granted. (Doc. 8.) Plaintiff, Ronald Richard Waddell, Jr., acting *pro se*,[1] filed a timely objection to the R&R. (Doc. 9.)

**I.    BACKGROUND**

Plaintiff alleges that officers came to his house on May 11, 2019, in response to a call about a suicidal man. (Doc. 2 at 3.) He further alleges that the officers forcefully removed him from his home for involuntary psychiatric hospitalization, despite his protestations that he was not suicidal and did not want to go. (*Id.* at 3–4.)

---

[1] Plaintiff objects to the term *pro se* because he believes it implies "agreeing to represent yourself as an attorney," whereas he says he has no legal training and is in court "only to seek help for a violation of [his] rights." (Doc. 9 at 5.)

The Court's use of the term *pro se* does not mean the Court holds Plaintiff to the same standard as attorneys. On the contrary, filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Approximately a year and a half later, on November 29, 2021, Plaintiff filed a complaint under 42 U.S.C. § 1983 against the City of Greeneville and the Greeneville Police Department alleging the officers' actions on May 11, 2019, had violated his civil rights. (*Id.*) Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), or without prepayment of court costs, on the same day. (Doc. 1.)

On January 7, 2022, the Magistrate Judge granted Plaintiff's IFP application and issued the R&R screening the complaint under 28 U.S.C. § 1915. (Doc. 8.) The R&R recommends that Plaintiff's complaint be dismissed because Plaintiff's claims are barred by the statute of limitations. (*Id.* at 5.)

Plaintiff filed an objection to the R&R on January 14, 2022, making three arguments. (Doc. 9.) First, he argues the screening rule of 28 U.S.C. § 1915 should not apply to him because he is not a prisoner and he has not filed repeated lawsuits abusing the system. (*Id.* at 1.) Second, he argues that because he told police officers at the time of the incident that he would sue them, the statute of limitations does not apply to his case. (*Id.* at 2–3, 11.) Third, he argues that because of certain obstacles he had to overcome before he could file suit, the year provided by the statute of limitations was not a reasonable time limit. (*Id.* at 4–7, 10.)

Many of the factual assertions in Plaintiff's objection appear to refer to the subject matter of a different lawsuit he filed. On November 22, 2021, one week before Plaintiff filed this suit, he filed an IFP motion and § 1983 complaint (the "November 22 Lawsuit") against the Greeneville Police Department, several individual police officers, a state-court judge, and a district attorney. (Case No. 2:21-cv-178, Docs. 1, 2.) In the November 22 Lawsuit, he alleged his civil rights were

2

violated on and after May 13, 2019—two days after the events he alleges in his current lawsuit.[2] (Case No. 2:21-cv-178, Doc. 2 at 3–5.) On December 27, 2021, the Magistrate Judge granted Plaintiff's IFP application in the November 22 Lawsuit and issued a Report and Recommendation screening the complaint under 28 U.S.C. § 1915. (Case No. 2:21-cv-178, Doc. 5.) The Magistrate Judge recommended that the case be dismissed because all of the claims were either barred by the statute of limitations, barred by judicial immunity, barred by absolute prosecutorial immunity, or failed to state a claim for municipal liability. (*Id.* at 5–8.) Plaintiff did not file objections within the required period,[3] and this Court dismissed the case on January 18, 2022. (Case No. 2:21-cv-178, Doc. 6.)

## II. STANDARD OF REVIEW

If a party objects to the proposed findings and recommendations of a magistrate judge, the party may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court must then undertake a *de novo* review of the specific proposed findings or recommendations to which objection is made. *Id.* A specific objection is one that "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (Table)) (alterations in

---

[2] Specifically, the November 22 Lawsuit alleged that, after Plaintiff left the hospital, he was again detained by officers, who exerted excessive force on him and caused a painfully dislocated finger. (Case No. 2:21-cv-178, Doc. 2 at 3–5.) It further alleged that the criminal charges against him arising from this second incident were dropped, but it took an unreasonably long time, and it only happened after one of the officers gave allegedly perjured testimony and after alleged improprieties by the presiding judge and the acting district attorney. (*Id.*)

[3] Objections to the recommended dismissal of the November 22 Lawsuit were due on January 13, 2022. *See* 28 U.S.C. § 636(b)(1) (allowing fourteen days to file written objections); *see also* Fed. R. Civ. P. 6(d) (allowing three extra days after service by mail).

3

original). "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996)).

### III.  ANALYSIS

The Court will first consider Plaintiff's three objections to the R&R. Then, in light of Plaintiff's *pro se* status, the Court will consider whether Plaintiff's objections would have led to a different outcome in the November 22 Lawsuit if he had filed them in that case instead.

Plaintiff's first objection is that the screening rule of 28 U.S.C. § 1915 should not apply to him because he is not a prisoner and he has not filed repeated lawsuits abusing the system. (Doc. 9 at 1, 9.) The required screening, however, applies to any person—not just a prisoner—who is allowed to proceed IFP. The statute allows the commencement of an action "without prepayment of fees or security therefor, by a *person* who submits an affidavit that includes a statement of all assets *such prisoner* possesses that *the person* is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (emphasis added). Although one of the references in this portion of the statute is to "prisoner," rather than "person," the Court of Appeals for the Sixth Circuit has construed this as a typographical error, holding that the procedure applies to non-prisoners and prisoners alike.[4] *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). Under this statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . .

---

[4] If it were otherwise and § 1915 applied only to prisoners, there would be no way for non-prisoners to file lawsuits in federal court without the prepayment of fees.

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Both the provisions for the filing of a case without the prepayment of fees and the accompanying screening requirements apply to Plaintiff's case. The Court is thus obligated by law to ensure that the case Plaintiff is being allowed to file without prepayment of fees is not frivolous, states a claim on which relief may potentially be granted, and names defendants who are not immune from monetary relief.

Plaintiff's second objection is that because he told the officers while he was being detained that he would sue them, the statute of limitations should not bar his suit. (Doc. 9 at 2–3, 11.) However, "[a] civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, not by telling a putative defendant that one intends to sue him or her. The Court is not aware of any authority that would substitute notice to the defendant for the filing of an actual suit for purposes of satisfying a statute of limitations.

Third, Plaintiff argues that because of certain obstacles he faced, the single year provided by the statute of limitations was not reasonable in his case. (Doc. 9 at 4–7, 10.) Specifically, he says his criminal defense attorney recommended he wait until the charges against him were resolved before filing a civil suit, and it took a long time for those charges to be dropped (*id.* at 4, 6); the demands of rebuilding his sales business after his forced absence took up a great deal of time (*id.* at 4–5, 7, 10); he has had to spend time rebuilding his relationship with his children, which was made very difficult by their mother's obtaining an order of protection against him and by her picking them up from his house whenever he fails to give them what they want (*id.*); he was

5

not able to find an attorney to represent him in this suit (*id.* at 5, 10); and he had to take time to learn the law before filing, and statutes are written in a confusing way (*id.* at 7–8).

The Court construes Plaintiff's third objection as an argument for tolling the statute of limitations in his case. *See Erickson*, 551 U.S. at 94 (filings by *pro se* litigants must be liberally construed). The Court must look to Tennessee law both for the applicable statute of limitations and for the tolling rules to apply in this § 1983 action. *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485–86 (1980). Under Tennessee law, equitable estoppel tolls a statute of limitations when the defendant has misled the plaintiff, thereby inducing the plaintiff to delay filing suit. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460–61 (2012). Tennessee law also allows the tolling of a statute of limitations where the defendant has engaged in fraudulent concealment, which requires, among other things, "that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so." *Id.* at 461–63. The Court has examined Plaintiff's assertions, and none involve the type of misconduct on the part of any defendant that would toll the statute of limitations. Plaintiff does not allege that any defendant misled him into not filing his suit earlier, nor that any defendant concealed his injury, a wrongdoer's identity, or any material facts from him. The Court therefore sees no grounds to toll the statute of limitations in this case.

Finally, because of Plaintiff's *pro se* status, the Court considers whether Plaintiff's objection would have led to a different outcome in the November 22 Lawsuit if he had filed it in

6

that case instead.⁵ It would not. First, the filing would have been untimely. The Report and Recommendation in the November 22 Lawsuit was issued on December 27, 2021. (Case No. 2:21-cv-178, Doc. 5.) Objections were therefore due on January 13, 2022. *See* 28 U.S.C. § 636(b)(1) (allowing fourteen days to file written objections); *see also* Fed. R. Civ. P. 6(d) (allowing three extra days after service by mail). Plaintiff filed his objection in this case on January 14, 2022, after the deadline had expired.

Even if the objection had been timely filed in the November 22 Lawsuit, it would not have succeeded on the merits. Plaintiff's arguments regarding the statute of limitations would fail for the same reasons they fail in this case. In addition, his objection does not respond to the recommendations in the November 22 Lawsuit based on judicial immunity, absolute prosecutorial immunity, or municipal liability. Therefore, Plaintiff's filing of his objection in this case rather than in the November 22 Lawsuit did not negatively affect the resolution of the November 22 Lawsuit.

## IV. CONCLUSION

After reviewing the record, including Plaintiff's objection, the Court agrees with the R&R. Plaintiff's objection (Doc. 9) will be **OVERRULED**. The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 8). Plaintiff's action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

⁵ Because Plaintiff placed the case number for this case, "21-cv-183," on his objection, the Clerk of Court correctly filed his objection in this case.